IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM E. DUGAN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION |
| | ) | |
| vs. | ) | NO. 07 C 6970 |
| | ) | |
| LATIN LANDSCAPER'S INC., an Illinois | ) | JUDGE JOHN A. NORDBERG |
| corporation, and LATIN PAVERS, INC., | ) | |
| an Illinois corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION FOR ENTRY OF JUDGMENT

Plaintiffs, William E. Dugan, *et al.* ("Funds"), by their attorneys, move this Court to enter judgment against Defendants, LATIN LANDSCAPER'S INC., an Illinois corporation, and LATIN PAVERS, INC., an Illinois corporation. In support of that Motion, Plaintiffs state:

1. On December 12, 2007, the Funds filed suit against Defendants to enforce their fringe benefit contribution and reporting obligations to the Funds pursuant to a collective bargaining agreement that they executed with International Union of Operating Engineers, Local 150, AFL-CIO ("Union")(a copy of the Memorandum of Agreement between the Union and Defendants and adopted master agreement are attached hereto as Exhibit A)[1]. On January 23, 2008, this Court entered default against Defendants and entered an Order directing them to submit delinquent fringe benefit

---

[1] The collective bargaining agreement reflects an expiration date of May 31, 2007. However, pursuant to the evergreen clause contained on page 80 of the Agreement, and in light of the parties' continued negotiation of a successor agreement, the terms of the collective bargaining agreement remain in effect and Defendants remain bound to its terms and conditions.

contribution reports to the Funds. The Court retained jurisdiction to enter judgment against Defendants.

2. On February 12, 2008, Defendants submitted the required reports to the Funds.

3. The Employee Retirement Income Security Act ("ERISA"), as amended, 29 U.S.C. §1145, states:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with laws, make such contributions in accordance with the terms and conditions of such plan or such agreement.

4. The collective bargaining agreement between Defendants and the Union specifically incorporates the Trust Agreements which govern the Plaintiff Funds (Exhibit A, pgs. 62, 67, 70 and 72).

5. The collective bargaining agreement requires that when an employee of a signatory corporation is an officer, the employer "must report 150 hours per month twelve (12) months a year, irrespective of the amount of work they perform or the amount of compensation they receive in any individual month" (Exhibit A, p. 63). Furthermore, "if payment for contributions . . . is not received by the Fund Office by the twentieth (20th) day of the month, the Employer shall be deemed to be in violation of this Agreement and . . . the Trust Agreement and shall be liable for contributions due, liquidated damages, interest, and any other cost of collection" (Exhibit A, p. 63). See also, Affidavit of David S. Bodley (attached hereto as Exhibit B), ¶4.

6. The Trust Agreements also state that the Trustees are authorized

> to assess and receive from such Employer as liquidated damages an amount equal to ten (10%) percent, and/or such additional amounts as may be authorized by laws, of the amount found to be delinquent in that the failure of the Employer to make the required payment of Employer Contributions imposes additional burden and expense upon the Trustees in the collection thereof; in the administration of the Trust

> Fund, including but not limited to the processing of late contribution reports, correspondence and other communication with said Employer; and, in additional thereto, may cause a loss of benefits to Employees, and loss of benefit of the use of amounts required to be paid, all of which are difficult of accurate ascertainment; . . .[and]
>
> *       *       *
>
> to impose and receive from such Employer all costs, audit expenses and attorneys' fees incurred by the Trustees in enforcing the provisions hereof, whether by litigation or otherwise; . . .

See, Exhibit B, ¶5.

7.   Jorge Aguilera is an employee and officer of both Defendants (copies of corporate records obtained from the Illinois Secretary of State's website at http://www.sos.state.il.us are attached hereto as Exhibit C).  See also, Exhibit B ¶4).

8.   For the months of February 2007 through May 2008, Defendants failed to submit reports and contributions to the Funds for the 150 hours per month required for Jorge Aguilera, resulting in the following delinquent amounts due:

|                      | Contributions |
|----------------------|---------------|
| Welfare Fund         | $40,980.00    |
| Pension Fund         | $28,500.00    |
| Apprenticeship Fund  | $ 2,520.00    |

(Bodley Aff. ¶4(d)).

9.   Defendants also failed to timely submit contributions for December 2003, April 2004, July 2004, October 2004, November 2004, February 2005, March 2005, June 2005, September 2005 through November 2005, December 2006 and February 2007 through May 2008.  Accordingly, the following liquidated damages are due to the Funds:

|                      | Liquidated Damages |
|----------------------|--------------------|

        Welfare Fund                              $5,024.50
        Pension Fund                              $3,069.35
        Apprenticeship Fund                 $ 252.00

(Bodley Aff. ¶5).

    10.    In addition, the Funds have incurred $420.00 in costs and $1,078.75 in attorneys' fees in this litigation (Affidavit of Catherine M. Chapman which is attached hereto as Exhibit D). Pursuant to the governing agreements, these amounts are also due to the Funds.

    WHEREFORE, Plaintiffs respectfully request this Court to enter judgment in the amount of $81,844.60.

                                                           /s/   Beverly P. Alfon

Beverly P. Alfon
Attorney for Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL  60606-5231
Bar No.: 6274459
Telephone: (312) 236-4316
Facsimile: (312) 236-0241
E-Mail: balfon@baumsigman.com

I:\MOEJ\Latin\motion-judgment.bpa.df.wpd

## CERTIFICATE OF SERVICE

The undersigned, an attorney of record, hereby certifies that she electronically filed the foregoing document (Motion for Entry of Judgment) with the Clerk of Court using the CM/ECF system, and further certifies that I have mailed the above-referenced document by United States Mail to the following non-CM/ECF participants on or before the hour of 5:00 p.m. this 23rd day of April 2008:

    David A. Gonzalez, Registered Agent
    Latin Landscaper's Inc.
    2617 Chicago Road
    S. Chicago Heights, IL 60411

    David A. Gonzalez, Registered Agent
    Latin Pavers, Inc.
    2617 Chicago Road
    S. Chicago Heights, IL 60411

                /s/   Beverly P. Alfon

Beverly P. Alfon
Attorney for Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL  60606-5231
Bar No.: 6274459
Telephone: (312) 236-4316
Facsimile: (312) 236-0241
E-Mail: balfon@baumsigman.com

I:\MOEJ\Latin\motion-judgment.bpa.df.wpd