IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIAM E. DUGAN, DAVID SNELTEN, STEVEN M. CISCO, JOHN E. KENNY, JR., DAVID FAGAN, MAMON POWERS, JR., MIKE PIRAINO, GLEN WEEKS, JAMES M. SWEENEY, AND MARSHALL DOUGLAS, AS TRUSTEES OF THE MIDWEST OPERATING ENGINEERS WELFARE FUND, ET AL, <br><br> PLAINTIFFS, <br> v. <br><br> LATIN LANDSCAPER'S, INC., AN ILLINOIS CORPORATION, AND LATIN PAVERS, INC., AN ILLINOIS CORPORATION, <br><br> DEFENDANTS. | CASE NO. 07 C 6970 <br><br> JUDGE NORDBERG <br><br> MAGISTRATE JUDGE VALDEZ |

To:   Catherine M. Chapman
      Beverly P. Alfon
      Cecilia M. Scanlon
      BAUM SIGMAN AUERBACH & NEUMAN, LTD.
      200 West Adams Street, Suite 2200
      Chicago, IL 60606
      (312) 236-4316

### NOTICE OF FILING

Please take notice that on Friday, June 6, 2008 the attached **Defendant's Answer to Amended Complaint** was filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division.

Respectfully Submitted,

By:   _____s/Mark Hansen_____
            Mark Hansen
       Attorney for Defendants

Mark Hansen
Anthony S. Graefe
Graefe & Hansen, Ltd.
55 West Monroe, Suite 3550
Chicago, IL 60603
(312) 236-0177

### CERTIFICATE OF SERVICE

I, Mark Hansen, an attorney, state that I caused the attached document to be served upon the above mentioned person via electronic delivery by CM/ECF on this the 6th day of June, 2008.

_____S/Mark Hansen_____

In the United States District Court
for the Northern District of Illinois
Eastern Division

| | |
|---|---|
| William E. Dugan, David Snelten, Steven M. Cisco, John E. Kenny, Jr., David Fagan, Mamon Powers, Jr., Mike Piraino, Glen Weeks, James M. Sweeney, and Marshall Douglas, as Trustees of the Midwest Operating Engineers Welfare Fund, | Case No. 07 C 6970<br><br>Judge Nordberg<br><br>Magistrate Judge Valdez |
| William E. Dugan, Steven M. Cisco, John E. Kenny, Jr., LaVerne S. Brown, Angelo A. DiPaolo, David Snelten, Mike Larson, David Fagan, James M. Sweeney, and James McNally, as Trustees of the Midwest Operating Engineers Pension Trust Fund, | |
| William E. Dugan, Steven M. Cisco, John E. Kenny, Jr., LaVerne S. Brown, David Fagan, David Rock, Mamon Powers, Jr., David Snelten, Daniel R. Plote, James M. Sweeney, Marshall Douglas and Martin Turek, as Trustees of the Operating Engineers Local 150 Apprenticeship Fund, | |
| William E. Dugan, Steven M. Cisco, John E. Kenny, Jr., LaVerne S. Brown, Angelo A. DiPaolo, David Snelten, James. M. Sweeney, David Fagan and James McNally, as trustees of the Local 150, I.U.O.E., Vacation Savings Plan, | |
| Plaintiffs, | |
| v. | |
| Latin Landscaper's, Inc., an Illinois Corporation, and Latin Pavers, Inc., an Illinois Corporation, | |
| Defendants. | |

1

## ANSWER TO AMENDED COMPLAINT

Now Comes the Defendant, Latin Pavers, Inc., by and through its attorneys, Mark Hansen, Graefe & Hansen, and in response to Plaintiffs' Amended Complaint, state as follows:

1. This action arises under the laws of the United States and is brought pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1132, 1145 (hereinafter referred to as "ERISA"). Jurisdiction is based upon the existence of questions arising thereunder, as hereinafter more fully appears.

    **ANSWER:** Defendants admit.

2. Plaintiffs bring this action in their capacity at Trustees of the MIDWEST OPERATING ENGINEERS WELFARE FUND, MIDWEST OPERATING ENGINEERS PENSION TRUST FUND, OPERATING ENGINEERS LOCAL 150 APPRENTICESHIP FUND and LOCAL 150 I.U.O.E. VACATION SAVINGS PLAN, which are "employee welfare benefit plans" and "plans" within the meaning of ERISA, Plaintiffs being the now acting Fiduciaries thereof administering said Plans within this district.

    **ANSWER:** Defendants admit, except that they are without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 2 regarding the fiduciaries.

3. Defendants are "employers" within the meaning of ERISA, obligated to make fringe benefit contributions to Plaintiffs under the terms of the Agreements and Declarations of Trust pursuant to which Plaintiff Funds are maintained and/or pursuant to the terms of the collective bargaining agreements to which Defendants are obligated and to which Local 150 of the International Union of Operating Engineers, AFL-CIO is also obligated.

    **ANSWER:** Defendants admit.

4. As employers obligated to make fringe benefit contributions to Plaintiffs under the Agreements and Declaration of Trust, Defendants are specifically required to do the following:

    a. To submit for each month a report stating names, Social Security numbers, and number of hours worked in such month by each and every person on whose behalf contributions are required to be made by Defendants to Plaintiffs, or if no such persons are employed, to submit a report so stating;

    b. To accompany the aforesaid reports with payment of contributions based upon an hourly rate as stated in the applicable collective bargaining agreements;

    c. To make all of their payroll books and records available to Plaintiffs for the purpose of auditing the same to verify the accuracy of Defendants' past reporting upon request made by Plaintiffs;

    d.    To compensate Plaintiffs for the additional administrative costs and burdens imposed by delinquency of untimely payment of contributions by way of the payment of liquidated damages in the amount of ten (10%) percent of any and all contributions which are not received by Plaintiffs for a particular month prior to the 10th day of the succeeding month, or the sum of twenty (20%) percent of such contributions of liquidated damages should there be further delay in payment as necessitates the filing of a lawsuit by Plaintiffs against Defendants;

    e.    To pay any and all costs incurred by Plaintiffs in auditing Defendants' payroll records should it be determined that Defendants were delinquent in the reporting or submission of all contributions required by it to be made to Plaintiffs;

    f.    To pay Plaintiffs' reasonable attorneys' fees and costs necessarily incurred in the prosecution of any action to require Defendants to submit their payroll books and records for audit or to recover delinquent contributions;

    g.    To furnish to Plaintiffs a bond with good and sufficient surety thereon, in an amount acceptable to Plaintiffs, to cover future contributions due the Plaintiffs.

**ANSWER:** Defendants admit that they are is obligated to make fringe benefit contributions to Plaintiffs under the Agreements and Declaration of Trust, but are without knowledge or information sufficient to form a belief as to the truth of the remaining averments.

5.    Defendants are delinquent and have breached their obligations to Plaintiffs and their obligations under the Plans in the following respects:

    a.    Defendant has failed and refused to submit all of its reports to Plaintiffs due to date and/or has failed to make payment of all contributions acknowledged by Defendant thereon to be due Plaintiffs. Defendant is, therefore, subject to liquidated damages, as authorized by the Trust Agreements. Plaintiffs have assessed liquidated damages against the Defendant, as authorized by the Trust Agreements, but Defendant has failed and refused to make payment of said liquidated damages;

    b.    Defendant has made payment of contributions due Plaintiffs, but such payment was made in an untimely fashion pursuant to the Collective Bargaining Agreement and Trust Agreements. Plaintiffs have assessed liquidated damages against the Defendant as authorized by the Trust Agreements, but Defendant has failed and refused to make payment of said liquidated damages.

    c.    Defendant has failed to permit Plaintiffs' auditors to review its various payroll records in order to verify the accuracy of its past reporting and ot determine what additional contributions, if any, may be due the Plaintiffs.

**ANSWER:** Defendants admit that they are delinquent, deny with regard to allegation 5c, and are without knowledge or information sufficient to form a belief as to the truth of the averments regarding the authorized damages under the Trust Agreements .

Case 1:07-cv-06970    Document 27    Filed 06/06/2008    Page 5 of 5

6. That upon careful review of all records maintained by Plaintiffs, and after application of any and all partial payments made by Defendants, there is a total of $772.35 known to be due Plaintiffs from Defendant, LATIN LANDSCAPER'S, INC., and a total of $80,209.85 known to be due Plaintiffs from Defendant, LATIN PAVERS, INC., and subject further to the possibility that additional contributions and liquidated damages will come due during the pendency of this lawsuit.

**ANSWER:** Defendants deny the amount due.

7. Plaintiffs have requested that Defendants perform their obligations as aforesaid, but Defendants have failed and refused to so perform.

**ANSWER:** Defendants deny.

8. Defendants' continuing refusal and failure to perform their obligations to Plaintiffs is causing and will continue to cause irreparable injuries to Plaintiffs for which Plaintiffs have no adequate remedy at law.

**ANSWER:** Defendants deny.

Wherefore, Defendants respectfully request this Court dismiss the Complaint and for any other relief the Court deems just and equitable.

Respectfully submitted,
Latin Pavers, Inc. and Latin Landscapers, Inc.

_____/s/Mark Hansen_____
One of their attorneys

Mark Hansen
Anthony S. Graefe
Graefe & Hansen, Ltd.
55 West Monroe, Suite 3550
Chicago, IL 60603
(312) 236-0177

4